**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-4497**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TIMOTHY GEROME MCCULLERS, a/k/a Tim,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:94-cr-00097-F-6)

---

Submitted: March 31, 2011          Decided: April 4, 2011

---

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Ronald Cohen, Wilmington, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Gerome McCullers appeals from his fifty-nine-month sentence imposed upon revocation of his supervised release. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising the issue of whether McCullers' sentence is unreasonable. We affirm.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In making its review, we "follow generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Crudup, 461 F.3d at 438-39.

A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the Chapter Seven policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 438-40. A sentence imposed upon revocation of release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. We affirm if the sentence is not unreasonable. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is *plainly* unreasonable." Id. "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id.

When imposing sentence, the district court must provide individualized reasoning:

> The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority. . . . Where the defendant . . . presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments.

United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The Carter rationale applies to revocation hearings; however, "[a]

court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

The district court followed the necessary procedural steps in sentencing McCullers, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) factors. The court gave sound reasoning for imposing the above Guidelines sentence and we conclude the sentence was reasonable. See Gall 552 U.S. at 51 (court may not presume a sentence outside the Guidelines range is unreasonable). The court's sentence may be presumed reasonable by this court.

Moreover, McCullers faces a very heavy burden in challenging his sentence. Even if he could show that his sentence was unreasonable, he would still need to show that it was plainly unreasonable. A sentence is "plainly unreasonable" if it "run[s] afoul of clearly settled law." Thompson, 595 F.3d at 548. McCullers has not cited clearly settled law that was violated by the district court's sentence, and the record does not reveal any such obvious errors.

McCullers filed a pro se supplemental brief maintaining that his sentence was excessive and that he did not

4

admit to drug distribution as a violation of his supervised release. In accordance with <u>Anders</u>, we have reviewed these issues and the record in this case and have found no meritorious issues for appeal. We therefore affirm McCullers' conviction and sentence. This court requires that counsel inform McCullers, in writing, of the right to petition the Supreme Court of the United States for further review. If McCullers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McCullers. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>